UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CINDY HULTGREN,

    Plaintiff,

v.                                   Case No.:   2:20-cv-892-SPC-NPM

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
                                    /

## **ORDER**[1]

Before the Court is United States Magistrate Judge Nicholas P. Mizell's Report and Recommendation ("R&R") (Doc. 33). Judge Mizell recommends affirming the decision to deny Social Security benefits for Plaintiff Cindy Hultgren. Hultgren objects to the R&R (Doc. 34), to which Defendant Commissioner of Social Security responded (Doc. 35). The R&R is ripe for review.

When reviewing an R&R, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). When a party

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

makes specific objections to a magistrate judge's report, the district court engages in a de novo review of the issues raised. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

After a careful and independent review, the Court overrules the objections and adopts the R&R in full. Each objection (expect maybe part of one) is not an objection at all. Rather, Hultgren rehashes four matters Judge Mizell cogently addressed. For the single part of Objection 1 that isn't clear reargument, it borders on frivolous because the ALJ obviously did not reopen the merits of the earlier claim. In short, the Court agrees with the well-reasoned R&R. Hultgren's strategy to copy and paste parts of the Joint Memorandum (Doc. 30) falls short. And no further discussion on the objections' merit is necessary.

That said, the Court wonders how these cut-and-paste objections did not unreasonably or vexatiously multiply proceedings. 28 U.S.C. § 1927 ("Any attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.") *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991) (explaining federal courts' inherent power to sanction vexatious and bad-faith actions). If Hultgren took issue with the R&R, she never explained why. Instead, the objections regurgitate what Judge Mizell already rejected, hoping the Court might

disagree. Hultgren has experienced counsel who knows (or should know) this Court—along with others around Florida—refuse to consider improper reargument. *E.g.*, *Cole v. Comm'r of Soc. Sec'y*, No. 2:20-cv-524-SPC-NPM, 2021 WL 5866968, at *1 (M.D. Fla. Dec. 10, 2021) (summarily rejecting mere reargument objections).[2] These types of objections only waste scare judicial resources. This reargument may (as here) prompt the Commissioner to respond—resulting in spent taxpayer dollars and possible delay for other Social Security claimants.

Of course, it is always improper to unnecessarily multiply proceedings. But these facts are even more problematic. The underlying record was nearly 3,500 pages. The Joint Memo was a sixty-five page, six-issue brief. The ALJ's decision (fifteen pages) and R&R (twenty-six pages) were thorough and well-reasoned. That's a long way of saying the issues were fully explored. So it is unclear why counsel chose to file thirteen pages of copy and paste objections that reiterate the same argument. The Court will take no further action at

---

[2] *See also Winford v. Walton*, No. 3:16-cv-810-J-39PDB, 2018 WL 3650025, at *1-2 (M.D. Fla. May 15, 2018); *Espaillat v. Saul*, No. 19-cv-61703-BLOOM/Valle, 2020 WL 5087030, at *2 (S.D. Fla. Aug. 28, 2020); *Martin v. Saul*, No. 19-23468-CIV-ALTONAGA/Goodman, 2021 WL 803705, at *2 (S.D. Fla. Mar. 3, 2021); *Marlite, Inc. v. Eckenrod*, No. 10-23641-CIV, 2012 WL 3614212, at *2 (S.D. Fla. Aug. 21, 2012); *Prather v. NCL (Bah.) Ltd*, No. 19-21832-CIV-MORENO, 2020 WL 4381412, at *2 (S.D. Fla. July 31, 2020); *Nationwide Ins. Co. of Am. v. Southland Lawn Care, Inc.*, No. 6:19-cv-1444-CEM-GJK, 2021 WL 5259841, at *2 (M.D. Fla. July 19, 2021).

this time. But in the future, it expects counsel to carefully consider whether objections need to be made and if they do to substantiate the reasons.

Accordingly, it is now

**ORDERED:**

1. Plaintiff's Objections to the United States Magistrate Judge's Report and Recommendation (Doc. 34) are **OVERRULED**.

2. United States Magistrate Judge Nicholas P. Mizell's Report and Recommendation (Doc. 33) is **ACCEPTED and ADOPTED** and the findings incorporated herein.

3. The Commissioner of Social Security's decision is **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g).

4. The Clerk is **DIRECTED** to enter judgment, deny any pending motions as moot, terminate all deadlines, and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida on March 11, 2022.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record